Frank J. Rumbauskas Jr.
20701 N. Scottsdale Rd. #C5-290
Scottsdale, AZ 85255
(602)502-8555
fjraz@cox.net
Plaintiff in Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

FRANK J. RUMBAUSKAS JR., )  Case No.
)
Plaintiff, )  **CV'06 0623 PHX MHM**
vs. )
)  COMPLAINT
EQUIFAX INFORMATION )
SERVICES, LLC, )
and )
SECURITY CREDIT )
SYSTEMS, INC., )
)
Defendants. )
)
_____ )

**Jurisdiction**

1. This is an action under the **Fair Credit Reporting Act,** hereinafter "FCRA," 15 U.S.C. §1681 et seq, as well as the **Fair Debt Collection Practices Act,** hereinafter "FDCPA," 15 U.S.C. §1692a, et seq. Jurisdiction in this case is founded upon 15 U.S.C. 1692k and 15 U.S.C. 1681p which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

# Complaint

2. The Plaintiff is Frank J. Rumbauskas Jr. ("Plaintiff"), a natural person residing in the State of Arizona.

3. Defendant Equifax Information Services, LLC ("Equifax"), is a Georgia Limited Liability Company doing business as a foreign entity in the State of Arizona, and is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

4. Defendant Security Credit Systems, Inc. ("Security Credit") is a New York Corporation, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant Security Credit has alleged that Plaintiff is or may be liable to Stevens Institute of Technology.

7. Plaintiff alleges that Plaintiff's alleged debt with Stevens Institute of Technology has a last payment date in 1992; therefore any and all accounts related to this alleged debt may not be reported on Plaintiff's consumer credit reports under the seven-year reporting limit per 15 U.S.C. 1681c.

8. Defendant Security Credit was assigned a collection account alleging Plaintiff as a debtor to Stevens Institute of Technology in August, 2005.

9. Defendant Security Credit failed to provide Plaintiff written notification within five (5) days of the placement of the collection account and notice of Plaintiff's right to dispute said account within thirty (30) days per 15 U.S.C. 1692g.

10. On or about December 19, 2005, Plaintiff checked his consumer credit reports with Defendant Equifax, as well as with consumer reporting agencies TransUnion and Experian, at which time Plaintiff discovered the collection account placed with Security Credit.

11. On or about December 19, 2005, Plaintiff contacted all three credit bureaus, consisting of Defendant Equifax, TransUnion, and Experian, using their online dispute systems,

1  in order to dispute the collection account reported by Defendant Security Credit. Plaintiff's

2  dispute was based upon the seven-year reporting limit per 15 U.S.C. 1681c.

3      12. On or about January 3, 2006, Plaintiff submitted a letter to Defendant Security Credit

4  disputing and requesting validation of the alleged debt per 15 U.S.C. 1692g(b), and requesting

5  that Defendant delete the account from Plaintiff's consumer credit reports per the seven-year

6  reporting limit. This letter was received by Defendant Security Credit on or about January 6,

7  2006 (Exhibit A).

8      13. On or about January 20, 2006, Plaintiff received the results of his dispute with

9  Defendant Equifax. Defendant's letter stated that the account had not been deleted per the

10  FCRA's seven-year reporting limit, but instead had been updated to erroneously show that the

11  account had been paid in full (Exhibit B).

12      14. On or about January 20, 2006, Plaintiff received the results of his disputes with

13  TransUnion and Experian. Both TransUnion and Experian immediately deleted the account with

14  Security Credit Systems, Inc., in compliance with the FCRA, pursuant to the seven-year

15  reporting limit per 15 U.S.C. 1681c.

16      15. On or about January 24, 2006, Plaintiff mailed a second, follow-up dispute letter to

17  Defendant Equifax, explaining that Plaintiff had not paid the account, that the account must be

18  deleted immediately per the FCRA's seven-year reporting limit, and requesting immediate

19  deletion of the account. Plaintiff's letter also requested the procedures used to verify this

20  information including who was contacted, when, and how. Defendant Equifax received this

21  letter on or about January 27, 2006 (Exhibit C).

22      16. On or about February 18, 2006, Plaintiff received a response from Defendant

23  Equifax. This response simply stated, "Collection accounts that have been paid in full will

24  automatically be deleted seven years from the date of last" (Exhibit D). Defendant Equifax's

25

response failed to include the procedures of the investigation as requested by Plaintiff in his second dispute letter.

17. To date, no response whatsoever has been received from Defendant Security Credit to Plaintiff's dispute and validation request received by Defendant on or about January 6, 2006.

## FIRST CLAIM FOR RELIEF

(Against Defendants Equifax and Security Credit)

18. All above paragraphs relevant hereto are incorporated herein by reference.

19. Defendants negligently and willfully violated 15 U.S.C. 1681c by reporting an account beyond the seven-year reporting limit per the FCRA.

20. As a result of Defendants' failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages, including denial of credit and requirement to pay security deposits totaling $1,500, lost opportunity to receive credit, damage to his reputation and emotional distress interfering with his ability to carry on his work, for which he seeks damages in an amount to be determined by the jury. Because Defendants' actions toward Plaintiff were malicious and Defendants knowingly, willfully and repeatedly violated Plaintiff's rights, and because Defendants' actions constitute a gross and wanton disregard for the law, Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## SECOND CLAIM FOR RELIEF

(Against Defendant Equifax)

21. All above paragraphs relevant hereto are incorporated herein by reference.

22. Defendant negligently and willfully violated 15 U.S.C. 1681e(b) by failing to follow reasonable procedures to assure the accuracy of Plaintiff's consumer credit report.

23. Defendant negligently and willfully violated 15 U.S.C. 1681i(a)(1) by failing to thoroughly investigate Plaintiff's dispute of his consumer credit report.

24. Defendant negligently and willfully violated 15 U.S.C. 1681(a)(7) by failing to provide a description of reinvestigation procedure to Plaintiff per Plaintiff's request.

25. As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages, including denial of credit and requirement to pay security deposits totaling $1,500, lost opportunity to receive credit, damage to his reputation and emotional distress interfering with his ability to carry on his work, for which he seeks damages in an amount to be determined by the jury. Because Defendant's actions toward Plaintiff were malicious and Defendant knowingly, willfully and repeatedly violated Plaintiff's rights, and because Defendant's actions constitute a gross and wanton disregard for the law, Plaintiff also seeks punitive damages in an amount to be determined by the jury.

## THIRD CLAIM FOR RELIEF

(Against Defendant Security Credit)

26. All above paragraphs relevant hereto are incorporated herein by reference.

27. Defendant negligently and willfully violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff notice of collection account within five (5) days of placement of the account with Defendant.

28. Defendant negligently and willfully violated 15 U.S.C. 1692g(b) by continuing to report the alleged debt to the credit bureaus upon receipt of Plaintiff's verification request.

29. Defendant negligently and willfully violated 15 U.S.C. 1692g by ignoring Plaintiff's dispute and validation request.

30. Defendant negligently and willfully violated 15 U.S.C. 1681s-2 by failing to report Plaintiff's account as disputed to the credit reporting agencies.

31. Defendant negligently and willfully violated 15 U.S.C. 1681s-2 by reporting information with actual knowledge of errors contained therein.

32. Defendant negligently and willfully violated 15 U.S.C. 1681c(c) by effectively re-aging Plaintiff's account by erroneously reporting it as having been paid in November, 2005.

33. As a result of Defendant's failure to comply with the requirements of the FCRA and FDCPA, Plaintiff has suffered actual damages, including denial of credit and requirement to pay security deposits totaling $1,500, lost opportunity to receive credit, damage to his reputation and emotional distress interfering with his ability to carry on his work, for which he seeks damages in an amount to be determined by the jury. Because Defendant's actions toward Plaintiff were malicious and Defendant knowingly, willfully and repeatedly violated Plaintiff's rights, and because Defendant's actions constitute a gross and wanton disregard for the law, Plaintiff also seeks punitive damages in an amount to be determined by the jury. Plaintiff also seeks statutory damages for violations of the FDCPA totaling $4,000.

34. Plaintiff demands a jury trial on all claims.

**Demand**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

On the First Claim for Relief:

a. Actual damages in the amount of $1,500 plus damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Plaintiff seeks the immediate and permanent deletion of this disputed account as well as a permanent injunction barring Defendants from reporting it incorrectly in the future;

d. Attorney's fees and costs and expenses incurred in the action.

On the Second Claim for Relief:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Attorney's fees and costs and expenses incurred in the action.

On the Third Claim for Relief:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Statutory damages for violations of the FDCPA totaling $4,000;

d. Attorney's fees and costs and expenses incurred in the action.

Dated: *March 2, 2006*

Frank J. Rumbauskas Jr.
20701 N. Scottsdale Rd. #C5-290
Scottsdale, AZ 85255
(602)502-8555
Plaintiff in Pro Se

Frank Rumbauskas
20701 N. Scottsdale Road # C5-290
Scottsdale, AZ 85255

Security Credit Systems
1250 Niagara St.
Buffalo, NY 14213

Via Priority Mail w/Delivery Confirmation

January 3, 2006

To whom it may concern:

I hereby dispute account number 14680440201 (Stevens Institute of Technology) and request that you provide documentation and a statement with itemized charges.

In addition, because the last date of activity on this account was in 1993, please immediately delete this account from my credit reports pursuant to the Fair Credit Reporting Act. The original account and other collection accounts related to it have long been deleted for this very reason.

Please direct all communication to me in writing at the address listed above and below. Please do not contact or attempt to contact me by telephone now or in the future.

Very truly yours,


Frank Rumbauskas
20701 N. Scottsdale Road # C5-290
Scottsdale, AZ 85255

EXHIBIT A

**Shipping Label Receipt**

**Delivery Confirmation™ Service Number:**

**9101 0105 2129 7916 1556 74**

Priority Mail® with Delivery Confirmation™*
Electronic Service Fee: $0.00
Total Postage and Fees: $3.85
Weight: 1 oz
Print Date: 01/02/2006          Mailing Date: 01/03/2006

**From:**   FRANK RUMBAUSKAS
            20701 N SCOTTSDALE RD # C5-290
            SCOTTSDALE AZ 85255

**To:**     SECURITY CREDIT SYSTEMS
            1250 NIAGARA ST
            BUFFALO NY 14213-1502

USPS
Postmark
Here

*Regular Priority Mail® Service postage rates apply. There is no fee for Delivery Confirmation™ service on Priority Mail services with use of this electronic shipping label. Postmark required if fee refund requested.   Delivery information is not available by phone for the electronic option.

---

## Postage Transaction Record
Wednesday, March 01, 2006

| | |
|---|---|
| Device ID: | 062S0005108740 |
| Print Date: | January 02, 2006 - 08:31:46 PM |
| Mail Date: | January 03, 2006 |
| User: | fjrllc |
| Customer ID: | 1838084 |

Return
Address:    FRANK RUMBAUSKAS
            20701 N SCOTTSDALE RD # C5-290
            SCOTTSDALE AZ 85255

Delivery
Address:    SECURITY CREDIT SYSTEMS
            1250 NIAGARA ST
            BUFFALO NY 14213-1502

Tracking #:   9101010521297916155674
Refund Type:  e/Refund

**Cost:**    Postage
             Mail Class
                 Priority Mail®:                      $3.85
             Special Services
                 e/Delivery Confirmation:

**Total Cost:**                                       $3.85

**Tracking Status**

January 6, 2006 - 08:30:00   **DELIVERED**
                             Your item was delivered at 08:30:00 on January 6, 2006
                             in BUFFALO, NY 14202.

January 2, 2006              **ELECTRONIC NOTIFICATION**
                             The U.S. Postal Service received electronic notification of
                             your item on January 2, 2006.

January 6, 2006 - 03:55:00   **ARRIVAL AT UNIT**
                             Your item arrived at BUFFALO post office, 14202 at
                             03:55:00 on January 6, 2006.



P.O. Box 105518
Atlanta, GA 30348

January 16, 2006

 **EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com


000531991-10173
Frank J Rumbauskas Jr
20701 N Scottsdale Rd
Scottsdale, AZ 85255-6413

Dear Frank J Rumbauskas Jr:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

**Results of Your Investigation** *(For your security, the last 4 digits of your credit account number(s) have been replaced by '*')*

>>> **We have reviewed the lien information. Case or ID # - 41138643 The results are:** This item has been updated to report satisfied/released. If you have additional questions about this item please contact: **Maricopa Cnty Recorders, 111 S 3rd Ave Ste 103, Phoenix, AZ 85003-2281**

>>> **We have researched the collection account. 14680448201 The results are:** Equifax has verified that this account has been paid in full. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Security Credit Systems, I, 1250 NIAGARA St, Buffalo, NY 14213-1502 Phone: (716) 882-4515**

>>> **We have researched the collection account. 137968196 The results are:** This item has been deleted from the credit file. If you have additional questions about this item please contact: **Allied Interstate Inc, Data Operations, Chandler, AZ 85244-2455 Phone: (877) 350-9743**

>>> **We have researched the credit account. Account # - 412174165513* The results are:** This creditor has verified to Equifax that the balance is being reported correctly. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Capital One, fsb, PO Box 85520, Richmond, VA 23285-5520**

>>> **We have researched the credit account. Account # - 554285120067* The results are:** This creditor has verified to Equifax that the current status is being reported correctly. This creditor has verified to Equifax that the prior paying history is being reported correctly. If you have additional questions about this item please contact: **Providian, PO Box 9007, Pleasanton, CA 94566-9007**

If you have any additional questions regarding the information provided to CSC by the source of any information, please contact the source of that information directly. You may contact CSC regarding the specific information contained in this letter within the next 60 days by visiting us at www.investigate.equifax.com.

Thank you for giving CSC the opportunity to serve you.

*EXHIBIT B*

(Continued on next page)

Page 1 of 8    5353045482O24-000531991-10173-12323-AS

Frank J. Rumbauskas, Jr.
20701 N. Scottsdale Rd. #C5-290
Scottsdale, AZ 85255

Equifax Information Services LLC
PO Box 105518
Atlanta, GA 30348

January 23, 2006

RE:   Confirmation # 5353045482
SSN:  ███████
DOB:  ███████

Thank you for your prompt investigation of several disputed items on my Equifax credit report – for your convenience and for verification purposes, a copy of your investigation results is enclosed.

The following items are still being reported incorrectly; they are as follows:

1. Security Credit Systems, acct no. 14680448201

This account became delinquent with the original creditor, Stevens Institute of Technology, in 1992, and the date of last activity was in 1993. I disputed based upon the fact that the account is well beyond the 7-year reporting limit, and in fact was deleted from my reports in 2000 for that very reason. The results of your investigation show that the account was paid in full in 11/05, however this is NOT correct. *I have never made a single payment on this account and the date of last activity remains as 1993. Please delete this account immediately!* I have also sent a letter to Security Credit Systems explaining the same and demanding immediate deletion of the account.

2. Capital One, acct no. 412174165503

I have verified that this account was sold and has a $0 balance. Please re-investigate.

Please provide your investigation procedures for each account: who verified the account, when, and how.

Thank you for your help with these errors on my credit report.

Sincerely,


Frank J. Rumbauskas, Jr.


EXHIBIT C

**Shipping Label Receipt**

Delivery Confirmation™ Service Number:

**9101 0105 2129 7328 5738 06**

Priority Mail® with Delivery Confirmation™*
Electronic Service Fee: $0.00
Total Postage and Fees: $4.05
Weight: 1 oz
Print Date: 01/25/2006    Mailing Date: 01/25/2006

**From:** FRANK RUMBAUSKAS
20701 N SCOTTSDALE RD # C5-290
SCOTTSDALE AZ 85255

**To:** EQUIFAX INFORMATION SERVICES LLC
PO BOX 105518
ATLANTA GA 30348-5518

USPS Postmark Here

*Regular Priority Mail® Service postage rates apply. There is no fee for Delivery Confirmation™ service on Priority Mail services with use of this electronic shipping label. Postmark required if fee refund requested. Delivery information is not available by phone for the electronic option.

---



**Postage Transaction Record**
Wednesday, March 01, 2006

| | |
|---|---|
| Device ID: | 062S0005108740 |
| Print Date: | January 25, 2006 - 10:52:26 AM |
| Mail Date: | January 25, 2006 |
| User: | fjrllc |
| Customer ID: | 1838084 |

Return Address:
FRANK RUMBAUSKAS
20701 N SCOTTSDALE RD # C5-290
SCOTTSDALE AZ 85255

Delivery Address:
EQUIFAX INFORMATION SERVICES LLC
PO BOX 105518
ATLANTA GA 30348-5518

Tracking #: 91010105212973285738060

Refund Type: e/Refund

**Cost:**
| | | |
|---|---|---|
| Postage | | |
| Mail Class | | |
| Priority Mail®: | | $4.05 |
| Special Services | | |
| e/Delivery Confirmation: | | |

**Total Cost:** $4.05

**Tracking Status**

January 27, 2006 - 06:27:00   **DELIVERED**
Your item was delivered at 06:27:00 on January 27, 2006 in ATLANTA, GA 30348.

January 25, 2006   **ELECTRONIC NOTIFICATION**
The U.S. Postal Service received electronic notification of your item on January 25, 2006.

January 27, 2006 - 06:23:00   **ARRIVAL AT PICKUP POINT**
Your item arrived at ATLANTA, GA 30348 post office at 06:23:00 on January 27, 2006 and is ready for pickup.

P.O. Box 105518
Atlanta, GA 30348

February 14, 2006

 **EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com

000535518-11674
Frank Rumbauskas
20701 N Scottsdale Rd Apt C5290
Scottsdale, AZ 85255-6413

Dear Frank Rumbauskas:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

**Results of Your Investigation**    (For your security, the last 4 digits of your credit account number(s) have been replaced by *)

>>> **We have reviewed the current address. The results are:** The current address has been added/updated per the information you have supplied. *20701 N Scottsdale Rd Apt C5290 Scottsdale AZ 85255*

>>> **We have researched the collection account. 14680448201 The results are:** Collection accounts that have been paid in full will automatically be deleted seven years from the date of last If you have additional questions about this item please contact: *Security Credit Systems, I, 1250 NIAGARA St, Buffalo, NY 14213-1502 Phone: (716) 882-4515*

>>> **We have researched the credit account. Account # - 412174165513* The results are:** This creditor has verified to Equifax that the balance is being reported correctly. This creditor has verified to Equifax that the current status is being reported correctly. The prior paying history on this account has been updated. If you have additional questions about this item please contact: *Capital One, fsb, PO Box 85520, Richmond, VA 23285-5520*

If you have any additional questions regarding the information provided to Equifax by the source of any information, please contact the source of that information directly. You may contact Equifax regarding the specific information contained in this letter within the next 60 days by visiting us at www.investigate.equifax.com.

Thank you for giving Equifax the opportunity to serve you.

### Notice to Consumers

Upon receipt of your dispute, we first review and consider the relevant information you have submitted regarding the nature of your dispute. If the review does not resolve your dispute and further investigation is required, notification of your dispute, including the relevant information you submitted, is provided to the source that furnished the disputed information. The source reviews the information provided, conducts an investigation with respect to the disputed information and reports the results back to us. The credit reporting agency then makes deletions or changes to your credit file as appropriate based on the results of the reinvestigation. The name, address and, if reasonably available, the telephone number of the furnisher(s) of the information contacted while processing your dispute(s) is shown under the "Results of Your Investigation" section on the cover letter that accompanies the copy of your revised credit file.

If you still disagree with an item after it has been verified, you may send to us a brief statement, not to exceed one hundred words (two hundred words for Maine residents), explaining the nature of your dispute. Your statement will become part of your credit file and will be disclosed each time that your credit file is accessed.

If the reinvestigation results in a change to or deletion of the information you are concerned about, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company that received your credit file in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

EXHIBIT D

Page 1 of 9        6034011926APP 000535518  11674  14656